IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

SAFWAY SERVICES, LLC                                                                                    PLAINTIFF

V.                                                                          CIVIL ACTION NO.: 4:19-CV-8-SA-RP

P.A.L. ENVIRONMENTAL SAFETY CORP., and
FIDELITY AND DEPOSIT COMPANY OF MARYLAND                                  DEFENDANTS

ORDER

This action was originally filed in the Circuit Court of Bolivar County, Mississippi but properly removed to this Court on January 10, 2019. In its Complaint [2], Safway Services, LLC alleges that it rented scaffolding and provided labor to P.A.L Environmental Safety Corporation for a construction project in Mississippi, and that P.A.L. failed to pay for the scaffolding and labor. A similar action was filed previously in a Wisconsin State Court. *See Wisconsin State Court Complaint* [4-1]. The Defendants filed a Motion [4] to Dismiss this Federal lawsuit arguing that it is duplicative of the Wisconsin suit. Briefing is complete and the issues are ripe for review.

*Factual and Procedural Background*

P.A.L. entered into a Rental/Sales Agreement on May 8, 2017, with Safway Services, LLC, for the rental of scaffolding materials and labor. The Rental/Sales Agreement provided that any dispute between the parties would be governed by Wisconsin law and any lawsuit must be commenced either in the Waukesha County Circuit Court in Waukesha, Wisconsin, or in the United States District Court for the Eastern District of Wisconsin.

According to Safway, it provided the materials and labor fulfilling its contractual obligation. At the conclusion of the work, Safway gave P.A.L. an invoice with a balance due of $716,875.72. According to Safway Services, P.A.L. never paid the balance. This prompted Safway

Services to file a Notice of Construction Lien against the project. In order to continue the work despite the construction lien, P.A.L. obtained a Mechanic's Lien Discharge Bond issued by Fidelity and Deposit Company of Maryland.

These facts gave rise to two separate law suits. First, Safway filed suit in the Circuit Court of Waukesha County, Wisconsin, against P.A.L. for breach of contract and unjust enrichment.[1] Then, Safway filed a second law suit in the Circuit Court of Bolivar County, Mississippi, against P.A.L. and Fidelity for breach of contract, enforcement of the construction lien, and prompt payment penalties. The Defendants removed the Mississippi case to this Court, premising federal jurisdiction on diversity of citizenship.

The procedural postures of the two cases are different. While the Mississippi case is still in its early stages of litigation, the Wisconsin case is set for trial in the Summer of 2019.

The Defendants in this Mississippi action filed a Motion [4] to Dismiss claiming that the duplicative nature of the case warrants a dismissal or in the alternative a stay until the Wisconsin action is resolved. In opposition, the Plaintiff argues that because this case involves a lien on property located in Mississippi and because the cause of action derives from Mississippi law, this case should be adjudicated in Mississippi. While the parties disagree about dismissal of the case, they agree that a stay is an appropriate remedy.

*Legal Standard and Discussion*

In their Motion [4], the Defendants urge the Court to abstain from adjudicating this matter due to a duplicative suit filed in Wisconsin. The Defendants also petition the Court in the alternative for a stay of proceedings pending a jury verdict in the Wisconsin state court matter.

Abstention is a two-part inquiry. The Court must first assess whether the two actions are

---

[1] The first law suit was filed in Wisconsin pursuit to a forum selection clause agreed to by Safway and P.A.L. in the Rental/Sales Agreement.

parallel, and if so, the court must apply the test articulated in *Colorado River Water Conservation District v. United States.* See *African Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 797 (5th Cir. 2014); *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 813, 96 S. Ct. 1236, 1244, 47 L. Ed. 2d 483 (1976).

A federal court may stay an action pending disposition of a state court action when the state and federal actions are "parallel." *African Methodist Episcopal Church*, 756 F.3d at 797. The Fifth Circuit has identified parallel actions as "those involving the same parties and the same issues." *Id*. Stated differently, the court looks to the identity of the parties and the associated claims in both pending suits and determines whether there is substantial similarity between the two.

Because the Mississippi action includes an additional defendant, Fidelity, and an additional legal issue, enforcement of the lien, the cases are not precisely parallel under the Fifth Circuit's standard. The lack of formal symmetry, however, does not automatically defeat a stay. See *RepublicBank Dallas Nat. Ass'n v. McIntosh*, 828 F.2d 1120, 1121 (5th Cir. 1987) (finding that it may be that there need not be applied in every instance a mincing on precise identity of parties and issues.). "In light of our duty to consider wise judicial administration, conservation of judicial resources, and comprehensive disposition of litigation, we look both to the named parties and *to the substance of the claims asserted in each proceeding*." *African Methodist Episcopal Church v. Lucien*, 756 F.3d at 797 (emphasis added). "The decision whether to dismiss a federal action because of parallel state-court litigation does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 16, 103 S. Ct. 927, 937, 74 L. Ed. 2d 765 (1983).

The substance of the claims asserted in each proceeding differ only as to the lien enforcement claim. The lien enforcement claim depends wholly on the resolution of the Wisconsin breach of contract claim because the statute which provides the plaintiff an enforcement cause of action requires first a party to prevail on the overarching claim.[2] Here, the breach of contract claim is the overarching claim. A dismissal of the Mississippi action would deprive the Plaintiff of their legal right to the cause of action as to the lien. For these reasons, the Court finds that the cases, while not formally symmetrical, are sufficiently parallel to warrant further analysis of the *Colorado River* factors.

Abstention, as the Supreme Court has said more than once, is a judge-made doctrine where a federal court decides not to exert its jurisdiction over a case for scrupulous regard for the rightful independence of the state governments and for the smooth working of the federal judiciary. 174 Fed. Prac. & Proc. Juris. § 4241 (3d ed.). "In rare circumstances, federal courts can relinquish their jurisdiction in favor of another forum." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 723, 116 S. Ct. 1712, 1724, 135 L. Ed. 1 (1996). "Federal courts abstain out of deference to the paramount interest of another sovereign, and the concern is with principles of comity and federalism." *Id*.

Abstention from the exercise of federal jurisdiction is the exception, not the rule. *Colorado River Water*, 424 U.S. at 813, 96 S. Ct. 1236.

> "The doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it. Abdication of the obligation to decide cases can be justified under this doctrine only in exceptional circumstances . . . ."

---

[2] Section 85-7-405(3)(c), the statute giving rise to the lien enforcement claim, states that "the court, in its discretion, may award reasonable cost, interest and attorney's fees for the prevailing party in an action against the owner to enforce a lien against the property." MISS. CODE ANN. § 85-7-405(3)(c).

4

*Id.*; citing *County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188-89, 79 S. Ct. 1060, 3 L. Ed. 2d 1163, 1166 (1959).

"The pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction . . . ." *Colorado River*, 424 U.S. at 817, 96 S. Ct. 1236 (1976); citing *McClellan v. Carland*, 217 U.S. 268, 282, 30 S. Ct. 501, 505, 54 L. Ed. 762 (1910). In assessing the appropriateness of dismissal, a federal court may consider such factors as the (1) inconvenience of the federal forum, (2) the desirability of avoiding piecemeal litigation, and (3) the order in which jurisdiction was obtained by the concurrent forums. *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 495, 62 S. Ct. 1173, 1175, 86 L. Ed. 1620, 1625 (1942); *Pacific Live Stock Co. v. Oregon Water Bd.*, 241 U.S. 440, 447, 36 S. Ct. 637, 640, 60 L. Ed. 1084, 1096 (1916). No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counselling against that exercise is required. See *Landis v. North American Co.,* 299 U.S. 248, 254-55, 57 S. Ct. 163, 165-66, 81 L. Ed. 153 (1936). Only the clearest of justifications will warrant dismissal. *Id.*

In *Stewart v. Western Heritage Insurance Company*, the Fifth Circuit adopted six factors in determining whether a district court should exercise its discretion of abstention where a state and federal court share concurrent jurisdiction. 438 F.3d 488 (5th Cir. 2006). Under *Colorado River*, a district court may abstain from a case only under "exceptional circumstances." *Stewart*, 438 F.3d at 491; *citing Colorado River*, 424 U.S. at 813, 96 S. Ct. 1236 (1976). In deciding whether "exceptional circumstances" exist, the court identified six factors:

> (1) assumption by either court of jurisdiction over a *res*, (2) relative inconvenience of the forums, (3) avoidance of piecemeal litigation, (4) the order in which jurisdiction was obtained by the concurrent forums, (5) to what extent federal law provides the rules of decision on the merits, and (6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction.

*Kelly Inv., Inc. v. Continental Common Corp.*, 315 F.3d 494, 497 (5th Cir. 2002).

### i. Res at Issue

In their Complaint [2], the Plaintiff seeks enforcement of a statutory lien it filed against the Entergy-project property located in Mississippi. This case does not involve a dispute regarding the ownership of a *res* or piece of property; it does, involve a possessory interest through a lien. Because there is no *res* involved, this factor is neutral.

### ii. The Relative Inconvenience of the Forums

When the federal court and the state court are in the same geographic location, the inconvenience factor weighs against abstention. *Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 738 (5th Cir. 1999). Although these two cases are filed in different geographic locations, one in a Wisconsin state Court and one in a Mississippi federal court, the parties do not offer any argument as to inconvenience, and as a result, this factor weighs against abstention.

### iii. The Avoidance of Piecemeal Litigation

Piecemeal litigation was the Court's primary reason for deciding to abstain in *Colorado River* because it sought to avoid inconsistent adjudication of two separate cases. See *Colorado River,* 424 U.S. at 824, 96 S. Ct. 1236.

Both the Mississippi and Wisconsin case share the same plaintiff and one defendant. The Mississippi action, however, includes a second defendant differing from the Wisconsin case. In addition, the Mississippi action adds a claim to enforce a lien. This is not a legal issue involved in the Wisconsin action. The pertinent question, though, is whether this piecemeal litigation presents a danger of inconsistent rulings. When duplicative litigation is permitted, *Colorado River* prevents "piecemeal litigation, and the concomitant danger of inconsistent rulings with respect to a piece of property." *Stewart*, 438 F.3d at 492; citing *Black Sea Inv. v. United Heritage Corp.*, 204 F.3d 647,

650-51 (5th Cir. 2000). In the instant cases, there is a danger of inconsistent rulings on the breach of contract claims. This factor weighs in favor of abstention because of the possibility of inconsistent rulings.

    iv.    *The Order in Which Jurisdiction Was Obtained*

This factor "should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." *Murphy*, 168 F.3d at 738. (citations omitted). Litigation has advanced more rapidly in the Wisconsin state court action because it was filed seven months before the Mississippi state court action. According to the parties, a trial in the case filed in Wisconsin is set for July 2019. Discovery has not begun in this Federal case, and it is in the early stages of litigation. Considering the maturity of the Wisconsin action, this factor weighs in favor of abstention.

    v.    *The Extent Federal Law Governs the Case*

The parties agreed in the Rental/Sales Agreement [4-2] that any dispute arising from the agreement would be subject to the laws of the State of Wisconsin. Assuming the contract is valid and said clause is enforceable, no federal law governs this case. The Fifth Circuit found that "the presence of state law issues weighs in favor of surrender only in rare circumstances." *Black Sea Inv., Ltd. v. United Heritage Corp.*, 204 F.3d 647, 651 (5th Cir. 2000). Therefore, absent a showing of rare circumstances, this factor weighs against abstention.

    vi.    *Adequacy of State Proceedings*

The parties previously agreed in the Rental/Sales Agreement [4-2] that Wisconsin State law would govern possible disputes. Neither party has presented any evidence showing that the state proceedings are inadequate. Therefore, this factor is neutral.

*Conclusion*

After assessing the factors in the *Colorado River* "exceptional circumstances" test, the Court is not persuaded to abstain from exercising jurisdiction over the case. Therefore, absent a showing of exceptional circumstances, abstention is not the proper resolution and the case should not be dismissed. However, the Court does find that a stay is the appropriate remedy in this case to avoid piecemeal litigation, and to preserve the rights of all the Parties. For all the reasons fully explained above, the Defendant's Motion to Dismiss [4] is DENIED. This matter is STAYED pending a resolution of the Wisconsin state court action. The Parties shall file notice on the docket of a resolution of the Wisconsin case within seven days of its resolution. While the Wisconsin case is pending, the Plaintiff shall file on the docket of this case an update on the status of the Wisconsin case every sixty days, with the first update to be filed seven days after the issuance of this order.

SO ORDERED, this 13th day of August, 2019.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE